```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

CANDIDA R. SUMMERLIN, :
:
    Plaintiff, :
: CIVIL ACTION
v. :
: NO. 1:12-CV-2442-WSD-ECS
STARS-N-STRIKES - DALLAS, :
:
    Defendant. :
:
:

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the motion to dismiss filed by Defendant Stars-N-Strikes-Dallas ("Defendant") pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure, as well as Local Rule 41.32A(2). [Doc. 26]. Plaintiff, proceeding pro se, has not responded to the motion within the time allowed. Therefore, the motion is deemed unopposed. See LR NDGa 7.1B. For the reasons stated below, the Court **RECOMMENDS** that the motion to dismiss, [Doc. 26], be **GRANTED**.

**I.**
**Background**

Plaintiff Candida Summerlin ("Plaintiff") filed this Title VII employment discrimination action on her own behalf on July 12, 2012. [Doc. 1]. The Court granted Plaintiff in forma pauperis status on September 5, 2012. [Docs. 2]. After waiving service, Defendant filed

its answer on November 21, 2012. [Doc. 9]. On November 26, 2012, the Court sent Plaintiff a notice advising her, among other things, of her obligation to comply with the Federal Rules of Civil Procedure as well as this Court's local rules. [Doc. 11].

On December 3, 2012, the parties filed a joint preliminary report and discovery plan indicating a possibility of settlement. See [Doc. 13 at 9]. The Court entered a scheduling order on December 10, 2012, and assigned the case to a four-month discovery track. [Doc. 14]. Per the parties' request, the case was referred for mediation, and a settlement conference was held before United States Magistrate Judge Janet F. King on February 27, 2013. [Docs. 15, 20]. The mediation was unsuccessful. [Doc. 20].

Prior to the mediation, Plaintiff was served with Defendant's First Interrogatories and First Request for Production of Documents, which required a response from Plaintiff by February 25, 2013. See [Docs. 17, 18]. Instead of responding, Plaintiff informed Defendant's counsel, over counsel's objection, that she wanted to see how the mediation went first, before she responded. [Doc. 21-1, at 3, Ex. 3 ¶ 4]. On February 26, 2013, Defendant's counsel sent Plaintiff an email stating that she had not received Plaintiff's discovery responses by the due date. See [Doc. 21-5]. When Plaintiff's responses had still not been received after the unsuccessful mediation, Defendant's counsel contacted the Court on

2

March 1, 2013, and requested a discovery conference. See [Doc. 21-1, at 4]. The Court unsuccessfully attempted to contact Plaintiff via phone and email to schedule the conference. Plaintiff did not respond to either phone or email messages from the Court.

On March 11, 2013, Defendant filed a motion to compel discovery, seeking an order from the Court compelling Plaintiff to respond to its discovery requests. See [Doc. 21]. Plaintiff did not respond to the motion. On April 18, 2013, Defendant filed a motion to extend the discovery period for an additional thirty (30) days "to obtain Plaintiff's discovery responses and take her deposition." [Doc. 23].

On April 22, 2013, the Court entered an Order granting both of Defendant's motions, the motion to compel and the motion to extend discovery. [Doc. 24]. In the Order, the Court gave Plaintiff seven (7) days to produce the compelled discovery responses and documents. [Id.]. In addition, Plaintiff was directed to appear at her deposition as required, upon proper notice from Defendant. [Id.]. The Court warned Plaintiff that her failure to comply with the Order could result in dismissal. [Id.].

On May 3, 2013, Defendant filed the instant motion to dismiss. [Doc. 26]. To date, Plaintiff has not responded to the aforementioned discovery or responded in any way to Defendant's counsel's (or the Court's) attempts to contact her. [Id. at 3]. In addition, Plaintiff failed to appear for her duly noticed deposition scheduled for May

3

10, 2013, and did not notify Defendant's counsel that she would not attend. [Doc. 27, Ex. 1]. Plaintiff has not responded to Defendant's motion to dismiss, and it is therefore deemed unopposed. See LR 7.1B NDGa.

## II.
## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a complaint for failure to prosecute or to obey a court order or federal rule. See Fed. R. Civ. P. 41(b); Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Rule 41(b) also authorizes a district court to dismiss actions for failure to comply with local rules. See Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993).  The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Gratton, 178 F.3d at 1374; Goforth, 766 F.2d at 1535.

Under Rule 37 governing discovery, the district court also has broad authority to control discovery, including the authority to dismiss an action as the most severe sanction. See Fed. R. Civ. P. 37(b)(2)(A)(v); Phipps v. Blakeney, 8 F.3d 788, 790-91 (11th Cir. 1993).  Under Rule 37, "[t]here must be both a clear record of wilful conduct and a finding that lesser sanctions are inadequate." Zocaras

4

v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005)). Findings satisfying both prongs must be made before dismissal is deemed an appropriate sanction. See Betty K Agencies, 432 F.3d at 1339; Mingo v. Sugar Cane Growers Coop. of Fla., 864 F.2d 101, 102-03 (11th Cir. 1989) (per curiam).

In the present case, the Court **RECOMMENDS** that the complaint be **DISMISSED**. Plaintiff has engaged in a clear pattern of delay and has disobeyed this Court's Order dated April 22, 2013. Plaintiff did not provide Defendant with the compelled discovery as directed in the Court's Order. Neither did she attend her duly noticed deposition or let counsel know that she would not attend. In fact, Plaintiff has been completely unresponsive to both the Court and Defendant since the failed mediation in February 2013. Despite the prior warning of dismissal, Plaintiff continues in her refusal to participate in the discovery process and to follow the rules and directives of this Court.

Based on Plaintiff's past conduct, I conclude that no sanction other than dismissal will suffice in this case. Plaintiff has not conducted any discovery of her own, has been nonresponsive to Defendant's requests for discovery and motions, and has failed to comply with this Court's Order. The imposition of a lesser sanction would merely serve to trivialize Plaintiff's failure to prosecute

this case as required by the rules. Under these circumstances, the ultimate sanction is the appropriate sanction under Rule 41(b) and Rule 37. Not only is this sanction appropriate, but Plaintiff, by not responding to this motion to dismiss, has, in effect, acceded to this sanction being imposed. Accordingly, the Court **RECOMMENDS** dismissal.

### III.
### Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 26], be **GRANTED** and that Plaintiff's action be **DISMISSED** in its entirety, with prejudice, for the reasons stated above.

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned.

**SO REPORTED AND RECOMMENDED**, this 28th day of May, 2013.

s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)